UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. TURNER,<br><br>    Petitioner,<br><br>  v.<br><br>BRIAN DUFFY,<br><br>    Respondent. | No. 2:15-cv-2356 WBS CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding through counsel with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving three concurrent 25 years-to-life terms of imprisonment imposed on September 27, 2012 following convictions on three counts of lewd or lascivious acts committed upon child under the age of 14. In his petition, petitioner presents four claims. Respondent has filed a motion to dismiss arguing that the claim identified as "Claim I" should be dismissed based upon "procedural default."

In "Claim I," petitioner alleges he received ineffective assistance of counsel at trial in violation of the Sixth Amendment as a result of trial counsel's inadequate investigation. Specifically, petitioner argues counsel should have: 1) investigated whether the victim suffered from "cognitive difficulties" as suggested by the victim's grandmother and petitioner's girlfriend, Ms. Delores Johnson; and 2) called Ms. Johnson to impeach the victim and her mother as to whether the victim had ever been left alone with petitioner.

1          Petitioner presented this claim to the California Court of Appeal in March of 2016. On

2  March 11, 2016, the court dismissed the claim as untimely under California law and denied the

3  claim on the merits. ECF No. 11 at 58. Subsequently, the claim was denied without comment by

4  the California Supreme Court. Id. at 61-83. Since the California Supreme Court was silent as to

5  the reason petitioner's claim was rejected, the court presumes the California Supreme Court's

6  reasoning was the same as the California Court of Appeal. See Ylst v. Nunnemaker, 501 U.S.

7  797, 803 (1991).

8          Respondent argues that the finding by the California Court of Appeal that petitioner's

9  ineffective assistance of counsel claim is untimely precludes this court from reviewing the claim.

10 Generally speaking, the court will not review a federal claim rejected by a California court if the

11 rejection of the claim is based upon California law "independent of the federal question and

12 adequate to support judgment." Walker v. Martin, 562 U.S. 307, 315 (2011).

13         There does not appear to be any reasonable basis for an argument that the California Court

14 of Appeal's rejection of petitioner's ineffective assistance of counsel claim was not independent

15 of an assessment of petitioner's actual claim. Also, in Walker, the Supreme Court found that

16 rejection of a federal claim by a California court based upon California's timeliness rule for state

17 habeas petitions is, generally speaking, an "adequate" basis to preclude federal review of the

18 claim. Id. at 316-21.

19         Petitioner does not argue that a California court's finding that a federal claim asserted in a

20 state habeas petition is not timely is not a sufficient basis for finding that claim procedurally

21 defaulted in this court. Instead, petitioner challenges the ruling by the California Court of Appeal

22 that petitioner's ineffective assistance of counsel claim is untimely under California law. As

23 noted by respondent, however, "it is not the province of a federal habeas court to reexamine state-

24 court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

25         The court may still review a claim in a federal habeas petition which arises under federal

26 law and which was rejected by a California Court on "adequate" and "independent" state law

27 grounds if the habeas petitioner demonstrates cause for noncompliance with state law and actual

28 prejudice resulting from the alleged violation of federal law. Coleman v. Thompson, 501 U.S.

722, 750 (1991). Defaulted claims may also be considered if failure to do so will result in a fundamental miscarriage of justice. Id. Petitioner does not argue "cause" and "prejudice" or fundamental miscarriage of justice, and facts demonstrating either circumstance are not otherwise apparent from the record.

Based on the foregoing, the court will recommend that respondent's motion to dismiss be granted and that petitioner's ineffective assistance of counsel claim be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. The claim identified as "Claim I" in petitioner's petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 17, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] turn2356.pd

3